No. 2011.—JOHN ROONEY v. MISS MARY A. MAY.

The certificate of the surveyor of a municipal corporation, that public work, in making' wooden curbs and gutter with planks, under a contract with the corporation, is done in accordance with the specifications, may be rebutted and overthrown by the testimony of witnesses to the contrary.

APPEAL from the Seventh District Court for the parish of Orleans. Collens, J. George L. Bright, for plaintiff and appellant. C. Rodney May and A. N. & H. N. Ogden, for defendant and appellee.

LUDELING, C. J. This is an action to recover the price of work done on the front of defendant's property, under a contract with the City of Jefferson, for making wooden curbs and gutter with planks, on Peters avenue, between Magazine street and St. Charles avenue.

The defense substantially is, that the work was not done in accord-- ance with the specifications of the contract.

There was judgment in the lower court in favor of the defendant,. and the plaintiff has appealed.

We think the evidence establishes this defense. The presumption in favor of the correctness of the surveyor's certificate is fully rebutted by the testimony of several credible witnesses, who saw the materials before they were used in the work, and who have carefully examined the work since its completion. John Omond swears: "My occupation is a carpenter for the last thirty-eight years. I examined the lumber used in the curbing in front of Miss May's property, to-day. Some of the lumber is good, *and some is bad and pecky and rotten.* The lumber could never have been fit for this purpose, and never could have been first class lumber. I know the difference in lumber. It is the soft cypress, which is not fit for any such purpose. It is a low priced cypress. *In a private contract,* I would not like to try such lumber in filling out the contract. It is not salable *as third quality lumber."* Being asked, if the lumber would not last a reasonable time, he answered: " No, sir; half of it is rotten now. The curbing is done in a pretty good style for rough work, but the gutter bottom is not fast; the first flood would take it away."

Thomas S. Elder says: "Considerable portion of it (the lumber) was pecky and rotten, and had knot holes in it." * * * "I can buy such lumber for half the price of first quality lumber. The work is done very rough; have never seen any such work done elsewhere."

The same facts were substantially proved by other carpenters and by an architect, W. Thiel, all of whom, from their calling and experience, we may infer, were competent experts.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs of appeal.